# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL D. YANUCK D/B/A DIAMOND TOWING, | ) ) | |
| Plaintiff, | ) | 2:18-CV-1423 |
| v. | ) | |
| SIMI TRANSPORTATION CORP, a corporation, BAKHSHISH SINGH, an individual, i/a/d/b/a PBS CARRIER CORP, MISSISSIPPI VALLEY FREIGHT SERVICES, LLC, a limited liability company, GMH TRANSPORTATION SERVICE, LLC, a limited liability company, REINHART FOOD SERVICE, LLC a/k/a REINHART FOOD SERVICE, INC., REMA FOODS, INC., and GUIDE ONE SPECIALTY MUTUAL INSURANCE COMPANY a/k/a GUIDEONE NATIONAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Numerous motions to dismiss are pending in this case (ECF Nos. 9, 13, 15, 17). Before these motions can be addressed, the court must ensure that it may properly exercise subject-matter jurisdiction. Plaintiff filed a motion to remand this case to the state court (ECF No. 31). A response from defendants is not necessary.

Factual and Procedural Background

On September 10, 2018, plaintiff Michael Yanuck d/b/a Diamond Towing ("Yanuck") filed suit against seven named defendants in the Westmoreland County Court of Common Pleas ("state court") to recover damages for the services he provided in response to a tractor-trailer

accident on Route 31 near Laurelville, Pennsylvania. On October 23, 2018, one of the defendants, GMH Transportation Services, LLC ("GMH"), filed a notice of removal. (ECF No. 1). Attached to the notice of removal were express notices of consent to removal by three defendants, Rema Foods, Inc. ("Rema"), Mississippi Valley Freight Service, Inc. ("MVFS"), and Reinhart Foodservice, LLC ("Reinhart"). (ECF No. 1-4).

The remaining three defendants did not submit notices of consent to removal. Instead, Carolyn Cole ("Cole"), counsel for GMH, filed an affidavit recognizing her obligation to obtain consent from all defendants. (ECF No. 1-4 at 8 ¶ 3). In furtherance of that effort, Cole stated that she communicated with Michael Weiner, Esq., ("Weiner") who allegedly represents GuideOne Mutual Insurance Company a/k/a GuideOne National Insurance Company ("GuideOne"). *Id*. Cole stated that according to Weiner, GuideOne would defend named defendants Bakhshish Singh ("Singh") and Simi Transportation, Inc. ("Simi") pursuant to an insurance contract. (ECF No. 1-4 at 9 ¶ 4). Cole stated in the affidavit that Weiner represented to her that GuideOne, on behalf of itself as well as Singh and Simi, consents to the removal. (ECF No. 1-4 at 9 ¶ 5). Cole's affidavit explained that Weiner was unable to draft a letter of consent at the time of her filing because he was still discussing coverage with his client, GuideOne. (ECF No. 1-4 at 9 ¶ 6).

On October 29, 2018, the court issued an order to show cause why the case should not be remanded because the notice of removal used the wrong legal test regarding the citizenship of a limited liability company ("LLC") and the supporting averments were incomplete. All defendants except GuideOne, Singh and Simi filed motions to dismiss the case for failure to state a claim. (ECF Nos. 9, 13, 15, 17). Counsel for GMH and MVFS filed a declaration in response to the order to show cause on November 12, 2018, with supporting affidavits. (ECF No. 20). On

November 19, 2018, Yanuck filed objections to the affidavits (ECF No. 30) and a motion to remand this case to the state court (ECF No. 31). On November 21, 2018, attorney Weiner telephoned the clerk's office to inform the court that he does not represent Simi, Singh or GuideOne, and requested to be removed as counsel of record.

Legal Analysis

The removal statute is strictly construed and the burden to demonstrate jurisdiction rests with the removing party. *Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 107 (1941); *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). Cases may be remanded for two distinct reasons: (1) lack of district court subject-matter jurisdiction; or (2) a defect in the removal procedure. *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). All doubts should be resolved in favor of remand. *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). The applicable parts of the removal statute, 28 U.S.C. § 1446, provide (emphasis added):

> (a) Generally.--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) Requirements; generally.--(1) The notice of removal of a civil action or proceeding **shall** be filed **within 30 days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> (2)(A) When a civil action is removed solely under section 1441(a), **all defendants** who have been properly joined and served **must join in or consent to the removal** of the action.

In *Baldy v. First Niagara Pavilion, C.C.R.L., LLC*, 149 F. Supp. 3d 551, 557 (W.D. Pa. 2015) (Conti, J.), this court faced an almost identical situation in which counsel for one removing party filed an affidavit on behalf of other defendants, rather than obtaining individualized notices of consent from each defendant. The court recognized a split among the courts of appeals about whether a statement in one defendant's timely notice of removal is sufficient to communicate the consent of the codefendants as required by 28 U.S.C. §1446(b)(2). *Id*. at 557-58 (discussing split between 2nd, 5th and 7th circuits and 4th, 6th, 8th and 9th circuits). As explained in *Baldy*, although the Third Circuit Court of Appeals has not directly resolved the issue, it has explained that the removal statute should be narrowly construed, with all doubts resolved in favor of remand. *Id*. at 558-59. District courts within the Third Circuit uniformly hold "it is not enough for the removing party to simply state that the codefendants consent or do not oppose removal because this verification cannot legally bind the allegedly consenting codefendant." *Id*. at 560 (citations omitted).

The court emphasized that there are good reasons for the rule requiring clear and unambiguous joinder or consent to a removal petition by each defendant. A writing from each defendant, such as an affidavit of joinder or consent, would unequivocally bind that party and trigger the application of Federal Rule of Civil Procedure 11. Although Rule 11 may subject the signer of the removal notice to sanctions for failing to investigate adequately the factual allegations therein, it would not bind the allegedly consenting codefendant to the removal action. *Id*. (citations omitted).

The facts of this case illustrate the wisdom of requiring strict compliance with the consent obligation by each defendant. Cole's affidavit reflects an out-of-court conversation with attorney Weiner, who purportedly represented GuideOne. There is no evidence that Weiner had authority to bind GuideOne or that Cole directly engaged with an officer of GuideOne. Indeed, Cole's affidavit reflected that Weiner was unable to submit a written letter of consent to removal because he was still discussing coverage with GuideOne.

The lack of personal consent to removal by defendants Singh and Simi is even more glaring. There is no evidence that Singh or Simi was aware of the removal and no attorney has entered an appearance on their behalf in this case. Cole's affidavit merely submits an attenuated chain of consent made on their behalf. To wit, Cole states that Weiner states that GuideOne will consent to removal on behalf of Singh and Simi. (ECF No. 1-4 at ¶¶ 3-6). This submission, with multiple levels of indirectness, falls far short of the standard to show joinder or consent to removal by Singh and Simi, as required by § 1446(b)(2).

Another complication arose after plaintiff's motion to remand was filed. On November 21, 2018, Weiner called the clerk's office of this court and reported that he does not, in fact, represent GuideOne, Singh or Simi. There is, therefore, no evidence of consent by any person with authority to act on their behalf. In sum, there is no clear and unambiguous evidence of consent to removal by three of the named defendants in this case and the 30-day time limit has long expired. Remand is therefore required.

An appropriate order follows.

November 30, 2018

                                               /s/ Joy Flowers Conti
                                               Joy Flowers Conti
                                               Chief United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL D. YANUCK D/B/A DIAMOND TOWING,** | ) ) | |
| Plaintiff, | ) | 2:18-CV-1423 |
| v. | ) | |
| **SIMI TRANSPORTATION CORP, a corporation, BAKHSHISH SINGH, an individual, i/a/d/b/a PBS CARRIER CORP, MISSISSIPPI VALLEY FREIGHT SERVICES, LLC, a limited liability company, GMH TRANSPORTATION SERVICE, LLC, a limited liability company, REINHART FOOD SERVICE, LLC a/k/a REINHART FOOD SERVICE, INC., REMA FOODS, INC., and GUIDE ONE SPECIALTY MUTUAL INSURANCE COMPANY a/k/a GUIDEONE NATIONAL INSURANCE COMPANY,** | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER OF REMAND

AND NOW, this 30th day of November, 2018, for the reasons set forth in the accompanying opinion, the motion to remand (ECF No. 31) is GRANTED.

This case shall be remanded to the Court of Common Pleas of Westmoreland County FORTHWITH. The pending motions to dismiss (ECF Nos. 9, 13, 15, 17) are DENIED AS MOOT without prejudice to reassert them in the state court.

The clerk shall mark this case closed.

IT IS SO ORDERED.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge